## UNITED STATES v. JULIUS WILE, SONS & CO.

(Circuit Court of Appeals, Second Circuit. March 7, 1910.)

No. 153 (3,950).

CUSTOMS DUTIES (§ 78*)—CLASSIFICATION—VERMUTH—"WINE"—"CORDIAL"—"LIQUEUR."

Vermuth is not a "wine," "cordial," or "liqueur," within the meaning of Tariff Act July 24, 1897, c. 11, § 1, Schedule H, par. 296, 30 Stat. 174 (U. S. Comp. St. 1901, p. 1654), prohibiting an allowance for the leakage of those three articles.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 78.*

For other definitions, see Words and Phrases, vol. 8, pp. 7487–7488; vol. 8, p. 7836; vol. 5, p. 4173; vol. 2, p. 1598.]

Appeal from the Circuit Court of the United States for the Southern District of New York.

For decision below, see 172 Fed. 164, reversing a decision by the Board of United States General Appraisers, which had affirmed the assessment of duty by the collector of customs at the port of New York.

The importers contended that allowance in the duty should have been made on account of leakage of vermuth, on the ground that vermuth is not a wine, cordial, or liqueur, within the meaning of Tariff Act July 24, 1897, c. 11, § 1, Schedule H, par. 296, 30 Stat. 174 (U. S. Comp. St. 1901, p. 1654), prohibiting an allowance for leakage of "wines, liqueurs, cordials," etc. The importers relied upon the decision in Taylor v. Treat, infra, where it was held that vermuth was not "wine," within the meaning of War Revenue Act June 13, 1898, c. 448, Schedule B, 30 Stat. 463 (U. S. Comp. St. 1901, p. 2306), nor according to the commercial or popular meaning of that term.

D. Frank Lloyd, Asst. Atty. Gen. (William A. Robertson, Sp. Atty., of counsel), for the United States.

Comstock & Washburn (Albert H. Washburn, of counsel), for appellees.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. We fully concur in the opinion of Judge Platt, and are also satisfied, upon a consideration of the various statutory provisions which are cited in Taylor v. Treat (C. C.) 153 Fed. 656, that "vermuth" has been classified by Congress as something different from "cordials" and "liqueurs."

The decision is affirmed.